## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROGER MOULTON

          Plaintiff,

V.

CREDIT PROTECTION ASSOCIATION, L.P.,

          Defendant.

CASE NO.: 1:15-cv-13077-GAO

## DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to LR, D. Mass 7.1(B)(3), Defendant, Credit Protection Association, L.P. ("Defendant"), respectfully requests leave to file a reply to Plaintiff's Opposition to its Motion to Dismiss Plaintiff's Amended Complaint.  In support of its Motion, Defendant states as follows:

Plaintiff argues that his assertion regarding Defendant's alleged use of a prerecorded voice to contact him adequately pleads a claim under the Telephone Consumer Protection Act ("TCPA"), even if his conclusory assertion regarding Defendant's alleged use of an Automatic Telephone Dialing System ("ATDS")[1] to contact him does not.  Plaintiff cites two out-of-circuit decisions to support in support of his argument, while making no effort to distinguish (or even acknowledge) the District of Massachusetts decisions setting forth the proper pleading standard for a TCPA claim.

Regardless, Plaintiff's interpretation of the proper pleading standard is incorrect.  In short, regardless of the jurisdiction chosen, simply pleading the use of either an ATDS or prerecorded

---

[1] In his Amended Complaint, Plaintiff alleges that the calls at issue were specifically looking for either "Matt" or "Alice."  That the calls were seeking specific individuals militates against a finding that the calls were placed using an ATDS – a random or sequential number generator. *Trumper*, 79 F. Supp. 3d at 512.

voice is insufficient to adequately plead a claim under the TCPA. *See, e.g., Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 512 (D.N.J. 2014) (dismissing TCPA claim where plaintiff conclusorily pled use of automatic telephone dialing system or an artificial or prerecorded voice).

Next, Plaintiff fails to plead the existence of a "consumer" debt in furtherance of his FDCPA claim. However, Plaintiff's arguments as to why this is not fatal to his claim are not entirely cogent. First, Plaintiff argues that it is unlikely that Defendant was trying to reach "Alice, Inc. or Matt, Inc.", and therefore the debt was not commercial. (DE #14, p. 8). However, this argument ignores the plain fact that these individuals may have credit accounts used to purchase goods for business purposes without having to actually be corporations themselves. In other words, it is equally likely that the debt on which Defendant allegedly sought collection was commercial in nature as opposed to a "consumer" debt – for which there are no supporting allegations in the Amended Complaint. Plaintiff then argues that Defendant is in the business of collecting on behalf of utility, cable and telecom companies, which allows for the inference that the debt upon which it sought collection was consumer in nature. (DE #9, p. 9)[2]. Again, this ignores the fact that these services may be equally obtained for business related purposes, thereby rendering this an unreasonable inference.

Finally, Plaintiff pleads his invasion of privacy until G.L. c. 214, § 1B, which protects against dissemination of information – a claim not alleged in his Amended Complaint.

---

[2] In support of its argument, Plaintiff cites to Defendant's own website. However, this is not information capable of judicial notice which may be considered on a Rule 12(b)(6) motion. *Gerritsen v. Warner Bros. Entertainment, Inc.*, --- F. Supp. 3d ----, 2015 WL 4069617 at *9 (C.D. Cal. Jan. 30, 2015) ("information appearing on the third party websites is not a proper subject of judicial notice because it is not capable of accurate and ready determination."). The website considered in *Estate of Patterson v. City of Pittsburgh*, 2011 WL 4860003 at *1 (W.D. Pa. Oct. 13, 2011), the case cited in Plaintiff's Opposition, was a governmental website and therefore constituted a public record which could be considered on a 12(b)(6) motion. Certainly, Defendant's website is not a public record for these purposes.

2

Recognizing this shortcoming, Plaintiff uses his Opposition as a vehicle to transform his statutory invasion of privacy claim into a common law claim.  However, any belated attempt to alter the character of his claim should be denied insofar as Plaintiff may not replead his claim by way of an opposition to a Rule 12(b)(6) motion. *See, e.g.*, *Ghazarian v. American Home Mortgage Servicing Wells Fargo*, 2013 WL 4411758 at *5, n. 8 (D. Mass. Jul. 18, 2013).

WHEREFORE, Defendant respectfully requests leave of Court to file a Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, along with such other relief as this Court deems appropriate.

Respectfully submitted,

CREDIT PROTECTION ASSOCIATION, L.P.

By Its Attorneys,

*/s/ Andrew M. Schneiderman*

Andrew M. Schneiderman, BBO #666252
Ranen S. Schechner, BBO #655641
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)

Dated:       October 15, 2015

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Schneiderman*

Andrew M. Schneiderman

3

## LR, D. MASS 7.1(A)(2) CERTIFICATE

Defendant communicated with Plaintiff in a good faith effort to resolve the issues presented herein, and was unable to reach an agreement regarding the issues raised herein.

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman