**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROGER MOULTON<br><br>    Plaintiff,<br><br>V.<br><br>CREDIT PROTECTION ASSOCIATION, L.P.,<br><br>    Defendant. | CASE NO.: 1:15-cv-13077-GAO |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**(LEAVE TO FILE GRANTED ON JANUARY 7, 2016 (DE #18)**

A.   Plaintiff Fails to Adequately Plead his TCPA Claim

It is well-established in Massachusetts that "[t]he sufficiency of a … TCPA claim 'turns on whether he plausibly pleads that defendant used an ATDS.'" *Jones v. FMA Alliance, Ltd.*, 978 F. Supp. 2d 84, 86 (D. Mass. 2013).  But, a "bare allegation that defendants use an ATDS is not enough." *Id.*  Instead, "well-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used." *Id.*; *Jones v. NCO Financial Services*, 2014 WL 6390633 at *s (D. Mass. Nov. 14, 2014).  "Simply alleging the use of an ATDS, without more, insufficient to sustain a TCPA claim." *Jones*, 978 F. Supp. 2d at 86.  In his Amended Complaint, Plaintiff does nothing more assert that Defendant called him using an "'automatic telephone dialing system' as that term is defined at 47 U.S.C. § 227(a)(1)…" (DE #8, ¶ 15).  This conclusory allegation is insufficient to sustain his claim, thereby mandating its dismissal.

In an effort to rescue his TCPA claim, Plaintiff argues that his bare assertion regarding Defendant's alleged use of a prerecorded voice to contact him suffices to assert a claim under the Telephone Consumer Protection Act ("TCPA"), even if his conclusory assertion regarding Defendant's alleged use of an Automatic Telephone Dialing System ("ATDS")[1] does not. (DE #14, pp. 5-7). Plaintiff cites two out-of-circuit decisions to support in support of his argument, while making no effort to distinguish (or even acknowledge) the District of Massachusetts decisions setting forth the proper pleading standard for a TCPA claim. (*Id.*).

Regardless, Plaintiff's interpretation of the proper pleading standard is incorrect. The Court's decision in *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 512 (D.N.J. 2014) is instructive. In *Trumper*, plaintiff asserted a TCPA claim against the Defendant. In support of her claim, plaintiff only alleged that defendant placed calls to plaintiff using an automatic telephone dialing system or an artificial prerecorded voice in an effort to contact "Enid Gonzales." *Id.* at 513. The Court held that such allegations were insufficient because there were "no factual allegations suggesting that the voice on the other end of the line was prerecorded." *Id.* And, insofar as the calls were directed at "Enid Gonzales", "it appears that the calls were not random." *Id.* Accordingly, it dismissed Plaintiff's TCPA claim. The Court further refused to allow plaintiff to amend her complaint because she already once amended her complaint without curing these deficiencies. *Id.*

Here, Plaintiff, as in *Trumper*, simply alleges that Defendant contacted him using an ATDS or using a prerecorded and/or artificial voice. (DE #8, ¶¶ 15-16). However, Plaintiff provides no further informing allegations suggesting that a prerecorded voice was actually used.

---

[1] In his Amended Complaint, Plaintiff alleges that the calls at issue were specifically looking for either "Matt" or "Alice." That the calls were seeking specific individuals militates against a finding that the calls were placed using an ATDS – a random or sequential number generator. *Trumper*, 79 F. Supp. 3d at 512.

In fact, Plaintiff expressly argues that no such allegations are needed. *See* DE #14, pp. 5-6 ("What more can truly be said about a call made using a voice that was not a live person beyond that the voice was prerecorded…Such allegation would add nothing…"). Furthermore, not only is the use of an ATDS conclusorily pled, but Plaintiff alleges that the calls were looking for variously "Alice" or "Matt" which would suggest that the calls were not in fact random. In short, Plaintiff's conclusory allegations are insufficient to sustain his TCPA claim, thereby mandating its dismissal. *See, e.g.*, *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013) (dismissing TCPA claim where plaintiff pled that "[d]efendant called his cellular telephone…using an ATDS and/or artificial or prerecorded voice."). Moreover, since Plaintiff has already once amended his complaint (and has not requested further amendment), further amendment should not be permitted.

### B. Plaintiff Fails to Plead the Requisite Elements of his FDCPA Claim

A viable claim for violation of the FDCPA requires Plaintiff to plead *inter alia* "that she was the object of collection activity arising from consumer debt." *O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 30 (D. Mass. 2014). It is Plaintiff's burden to prove that he has been the object of collection activity stemming from a consumer debt in order for the FDCPA to apply. *See Garcia v. LVNV Funding, LLC*, 2009 WL 3079962 at *5 (W.D. Tex. Sept. 18, 2009). Here, Plaintiff wholly fails to plead the existence of a "consumer" debt in furtherance of his FDCPA claim. Accordingly, he has not sustained his burden in this regard, and his FDCPA claim should be dismissed.

Plaintiff argues that his failure to plead the existence of a "consumer" debt is not fatal to his ability to maintain a claim under the FDCPA, but Plaintiff's arguments as to why are not entirely cogent. First, Plaintiff argues that it is unlikely that Defendant was trying to reach

"Alice, Inc. or Matt, Inc.", and therefore the debt was not commercial. (DE #14, p. 8).  However, this argument ignores the plain fact that these individuals may have credit accounts used to purchase goods for business purposes without having to actually be corporations themselves.  In other words, it is equally likely that the debt on which Defendant allegedly sought collection was commercial in nature as opposed to a "consumer" debt – for which there are no supporting allegations in the Amended Complaint.

Plaintiff then argues that Defendant is in the business of collecting on behalf of utility, cable and telecom companies, which allows for the inference that the debt upon which it sought collection was consumer in nature. (DE #9, p. 9).  In support of his argument, Plaintiff cites to Defendant's own website.  However, Defendant's website is not referenced in Plaintiff's Amended Complaint, and this is not information capable of judicial notice which may be considered on a Rule 12(b)(6) motion. *Gerritsen v. Warner Bros. Entertainment, Inc.*, --- F. Supp. 3d ----, 2015 WL 4069617 at *9 (C.D. Cal. Jan. 30, 2015) ("information appearing on the third party websites is not a proper subject of judicial notice because it is not capable of accurate and ready determination.").  Accordingly, it should not be considered by the Court.[2] Notwithstanding the foregoing, Plaintiff's argument again ignores the fact that these types services may be equally obtained for business related purposes.  The fact that Defendant may collect on behalf of these entities does not otherwise offset the absence of any allegations regarding the nature of the debt on which Defendant sought to collect.

---

[2] Conversely, the website considered in *Estate of Patterson v. City of Pittsburgh*, 2011 WL 4860003 at *1 (W.D. Pa. Oct. 13, 2011), the case cited in Plaintiff's Opposition, was a governmental website and therefore constituted a public record which could be considered on a 12(b)(6) motion.  Certainly, Defendant's website is not a public record for these purposes.

### C. Plaintiff's Invasion of Privacy Claim Fails as a Matter of Law

In his Amended Complaint, Plaintiff pleads his invasion of privacy under G.L. c. 214, § 1B, which protects against dissemination of information. (DE #8, ¶¶ 31-36). However, Plaintiff's Amended complaint is devoid of any allegations that Defendant disclosed or disseminated facts of a private or highly personal nature without a legitimate basis for doing so. Absent any such allegations, Plaintiff's invasion of privacy claim should be dismissed as a matter of law. *See, e.g.*, *Tomaselli v. Beaulieu*, 967 F. Supp. 2d 423, 455 (D. Mass. 2013) (dismissing invasion of privacy claim because there are "no facts that defendants interfered with [plaintiff's] privacy, or that they gathered and disseminated information that was private to [plaintiff]."). Plaintiff now attempts to use his Opposition as a vehicle to transform his statutory invasion of privacy claim into a common law one. However, any belated attempt to alter the character of his claim should be denied insofar as Plaintiff may not replead his claim by way of an opposition to a Rule 12(b)(6) motion. *See Ghazarian v. American Home Mortgage Servicing Wells Fargo*, 2013 WL 4411758 at *5, n. 8 (D. Mass. Jul. 18, 2013).

Respectfully submitted,

CREDIT PROTECTION ASSOCIATION, L.P.

By Its Attorneys,

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, BBO #666252
Ranen S. Schechner, BBO #655641
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)

Dated: January 12, 2016

34586643v1 0977153

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

34586643v1 0977153